C. YONG JEONG, ESQ. (SBN 255244)
jeong@jeonglikens.com
AMY CHOE, ESQ. (SBN 299870)
amy.choe@jeonglikens.com
JOHN R. BALDIVIA, ESQ. (SBN 313699)
john.baldivia@jeonglikens.com
JEONG & LIKENS, L.C.
1055 W. 7TH Street, Suite 2280
Los Angeles, California 90017
Tel. 213-688-2001
Fax. 213-688-2002

Attorneys for Plaintiff, LARRY PHILPOT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY PHILPOT, an Individual,<br><br>             Plaintiff,<br><br>       vs.<br><br>FACBOOK, INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>             Defendants. | Case Number: 2:17-cv- 4474<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br>**1. COPYRIGHT INFRINGEMENT**<br>**2. VICARIOUS COPYRIGHT**<br>   **INFRINGEMENT**<br>**3. CONTRIBUTORY COPYRIGHT**<br>   **INFRINGEMENT**<br><br>**Jury Trial Demanded** |

Plaintiff LARRY PHILPOT ("Plaintiff" or "PHILPOT") by and through its undersigned attorneys, hereby prays to this honorable Court for relief and remedy based on the following:

**INTRODUCTION**

Plaintiff is a well-known photographer who specializes exclusively in concert photography, and has photographed thousands of musical artists including Chuck Berry, the Lumineers, REO Speedwagon, Hall and Oates, John Mellencamp, Ted Nugent, Sir Paul McCartney, Mumford and Sons, Buddy Guy, and countless other top tier artists.  Plaintiff owns these photographs exclusively earns a living licensing his photographs to businesses and musicians for use by print

and electronic publications. Plaintiff's business is predicated on his ownership of these photographs and he spends a considerable amount of time and resources creating top-quality, marketable and aesthetically-appealing photographs.  Some examples of Plaintiff's customers include Forbes, AOL, AXS-TV, Berkshire Hathaway, KISS, John Mellencamp, and Willie Nelson.  No party is authorized to reproduce, distribute, perform, display, transmit, or prepare derivative works of Plaintiff's photographs without express permission from Plaintiff.  This action is brought to recover damages for direct, vicarious and contributory copyright infringement arising out of the misappropriation of Plaintiff's exclusive photographs by the Defendants, and each of them.

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq.*
2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and (b).
3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. Larry Philpot ("Plaintiff") is an Individual and resident of the state of Indiana.
5. Plaintiff is informed and believes and thereon alleges that Defendant FACEBOOK, INC. ("FACEBOOK"), is, and at all times herein mentioned was, a limited partnership organized and existing under the laws of Delaware and doing business in California.
6. Defendant FACEBOOK, and Defendants DOES 1-10, inclusive, may be collectively referred to as "Defendants."
7. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 3, inclusive, are owners of online websites, which DOE Defendants have reproduced, distributed, performed, displayed, or transmitted Plaintiff's copyrighted photographs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise,

and capacities of defendants sued herein as Does 1 through 3 are presently unknown to Plaintiff at this time, and therefore, Plaintiff sues said defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of defendants designated as a DOE is responsible in some manner for the events alleged herein and the damages caused thereby.

8. Defendants DOES 4 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, and capacities of defendants sued herein as DOES 4 through 10 are presently unknown to Plaintiff at this time, and therefore, Plaintiff sues said defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when the same have been ascertained.

9. Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto each of Defendants acted in concert with each other, was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including without limitation to full knowledge of each and every wrongful conduct and Plaintiff's damages caused therefrom.

## **CLAIMS RELATED TO DESIGN**

10. Plaintiff is the owner and author of four collections of photographs under titles "2009 Musician Photos", "All unpublished photos 2008 to May 2013", "Concert photographs through August 21, 2013", and "Unpublished Photographs through 11.23.13".

11. Plaintiff applied for a copyright from the United States Copyright Office for the collections of photographs listed above.  A true and correct copy of each certificate of registration is

attached hereto as Exhibits A through D.  True and correct copies of the photographs which are the subject of this complaint are attached hereto as Exhibits E through H ("Subject Photographs").

12. Plaintiff was granted Registration No. VAu 1-132-411 effective on September 5, 2012 for the Subject Photographs registered under title "2009 Musician Photos" (Exhibit E).

13. Plaintiff was granted Registration No. VAu 1-164-624 effective on August 21, 2013 for the Subject Photographs registered under title "All unpublished photos 2008 to May 2013" (Exhibit F).

14. Plaintiff was granted Registration No. VAu 1-164-648 effective on May 17, 2013 for the Subject Photographs registered under title "Concert photographs through August 21, 2013" (Exhibit G).

15. Plaintiff was granted Registration No. VAu 1-182-727 effective on December 9, 2013 for the Subject Photographs registered under title "Unpublished Photographs through 11.23.13" (Exhibit H).

16. Plaintiff is informed and believes and thereon alleges that Defendant FACEBOOK violated Plaintiff's rights under 17 U.S.C. § 106 by improperly using Subject Photographs without Plaintiff's consent for FACEBOOK's community pages, redirect links which point to FACEBOOK's community pages, redirect links which point to third-party online music services, and/or display on FACEBOOK's open source community.  True and correct copies of such community pages, redirect links, and open source communities are attached hereto as Exhibit I.

17. Plaintiff is informed and believes and thereon alleges that Defendant FACEBOOK generates revenue as a result of the improper use of Subject Photographs, including but not limited to, collecting advertising revenue on community pages and/or royalty payments for implementation of the redirect links which incorporate Plaintiff's Subject Photographs.

18. At various times Defendant FACEBOOK owned and controlled an online website facebook.com and hhvm.com.  Plaintiff's investigation revealed that the Subject Photographs

were being distributed, publicly displayed, and publicly digitally performed under the direction of the Defendants, and each of them.

19. None of the aforementioned acts by Defendants involving the Subject Photographs were authorized by Plaintiff, and all were in violation of Plaintiff's intellectual property rights.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants)

20. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 19, inclusive, of this Complaint.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, accessed the Subject Photographs through authorized or unauthorized reproductions of the Subject Photographs in the possession of Wikimedia and/or DOE Defendants.

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by distributing, publicly displaying, and publicly digitally performing the Subject Photographs through online websites, including without limitation, Facebook.com.

23. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

24. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages to its business in an amount to be established at trial.

25. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Photographs in an amount to be established at trial.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

## SECOND CLAIM FOR RELIEF

(For Vicarious Copyright Infringement – Against All Defendants)

27. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 26 inclusive, of this Complaint.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing product.

29. Plaintiff is informed and believes and thereon alleges that the Defendants had direct financial interest in the infringer's activity by profiting from featuring the Subject Photographs on Facebook.com, while declining to exercise their right and/or obligation to stop or limit the infringement of the Subject Photographs.

30. By reason of the Defendants', and each of their, acts of vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to established at trial, as well as additional general and special damages in an amount to be established at trial.

31. Due to Defendants' acts of vicarious copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would have not otherwise realized but for their infringement of the Subject Photographs.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Photographs, an amount to be established at trial.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

## THIRD CLAIM FOR RELIF

(For Contributory Copyright Infringement – Against All Defendants)

33. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 32 inclusive, of this Complaint.

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in and resultantly profited from the illegal distribution, public display, or public digital performance of the Subject Photographs as alleged herein above.

35. By reason of the Defendants', and each of their, acts of contributory copyright infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to established at trial, as well as additional general and special damages in an amount to be established at trial.

36. Due to Defendants' acts of contributory copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would have not otherwise realized bur for their infringement of the Subject Photographs.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Photographs, in an amount to be established at trial.

37. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants as follows:

### Against All Defendants

With respect to Each Claim for Relief:

1. That Defendants, their agents and servants be enjoined from infringing Plaintiff's copyrights in any manner;
2. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

3.  That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

4.  That Plaintiff be awarded pre-judgment interest as allowed by law;

5.  That Plaintiff be awarded costs of litigation; and

6.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury in this action pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment of the Constitution.

Dated: June 15, 2017                        Respectfully submitted,


/s/     *C. Yong Jeong*
C. Yong Jeong, Esq.
Attorneys for Plaintiff, LARRY PHILPOT